**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

VAMSIDHAR VURIMINDI                                                    PETITIONER

VERSUS                                         CIVIL ACTION NO. 5:19-cv-106-DCB-MTP

SHAWN R. GILLIS                                                        RESPONDENT

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Vamsidhar Vurimindi's Petition for Writ of

Habeas Corpus [1].  Having carefully considered the parties' submissions, the record, and the

applicable law, the undersigned recommends that the Petition [1] be denied and that this matter

be dismissed with prejudice.

## BACKGROUND

Petitioner, a citizen of India, asserts that he has been held in custody by Immigration and

Customs Enforcement ("ICE") at the Adams County Detention Center ("ACDC") in Natchez,

Mississippi since October 2, 2019, without access to Pennsylvania case law. *See* [3] at 2.

Petitioner entered the United States in 2000 and was admitted at or near Newark, New

Jersey as a lawful permanent resident on or about February 19, 2008. *See* [13-1] at 1. On

February 4, 2012, he was arrested by the Philadelphia, Pennsylvania Police Department for

stalking and disorderly conduct. *Id*. at 3. On April 25, 2014, he was convicted and subsequently

sentenced to 2.5 to 5 years confinement. *Id*. On July 7, 2017, after an immigration judge ordered

the Petitioner to be removed from the country, the Board of Immigration Appeals issued a final

order of removal. *Id*. at 4. Petitioner was taken into custody by ICE on December 18, 2018. *Id*. at

5.

1

Petitioner appealed his conviction to the Third Circuit Court of Appeals. *See* Docket *Vurimindi v. Attorney General*, Order date 11/6/2020, 19-1848 and 19-2904 (3d. Cir 2019). The Third Circuit issued temporary stays of removal for Petitioner on April 15, 2019, June 21, 2019, September 26, 2019, and December 19, 2019. *See* [13-1]. The December 19, 2019 stay is still in effect. *See* Docket *Vurimindi v. Attorney General*, Order date 11/6/2020, 19-1848 and 19-2904 (3d. Cir 2019).

On October 18, 2019, Petitioner filed the instant Petition [1] seeking access to Pennsylvania case law in order to appeal his original conviction of stalking and disorderly conduct in Pennsylvania in 2014. *See* [3] at 5. Petitioner asserts that he was convicted based on an over-broad interpretation of the criminal statutes, that the convictions are the reason he is being detained pending removal, and that he is not "not removable" based upon those facts. *See* [3] at 12.

Petitioner seeks immediate transfer to the Pike County Correctional Facility in Lords Valley, Pennsylvania or to be provided with Pennsylvania case law. *Id*. Petitioner also seeks to be released from ICE custody and "a declaratory judgment stating that Petitioner is a lawful permanent resident of the United States." *Id*. at 13.

On February 4, 2020, Respondent filed his response alleging that Petitioner's continued detention is reasonable because he has access to legal research materials in the form of a computer and a law library while at ACDC. *See* [13] at 1. Respondent argues that the Petitioner's removal is imminent once the temporary stay of removal is lifted from the Third Circuit Court of Appeals. *See* [13] at 6.

## ANALYSIS

### I.    Access to Pennsylvania Case Law:

Petitioner argues that he has been deprived of his "constitutional right of access to courts" by his limited ability to access Pennsylvania case law while detained at ACDC. *See* [3] at 9. *Bounds v. Smith* held that inmates have a constitutional right to access legal materials while incarcerated. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). Petitioner also alleges that a single computer in the legal library is insufficient for over three hundred detainees who are "desperately trying to file pleadings for relief in various courts and cannot complete their pleadings" *See* [3] at 5.

Petitioner is no longer detained at ACDC.[1] On June 26, 2020, the Court issued an Order [17] directing Petitioner to show cause as to why his request is not moot after his transfer. Petitioner responded asserting that, as he filed a petition for writ of habeas corpus, the court retains jurisdiction even if the petitioner is transferred to another facility while the petition remains pending. *See* [18] at 1. Jurisdiction over a petition for writ of habeas corpus attaches at the time of filing and is not destroyed by the transfer of Petitioner or a custodial change. *See Griffin v. Ebert*, 751 F.3d 288, 290 (5th Cir. 2014); *see also Williams v. Blackmon*, 2018 WL 813364, at *1 n. 2 (S.D. Miss. Feb. 9, 2018) (holding that the court retained jurisdiction over the § 2241 petition despite the petitioner's transfer away from the district).

Normally, "[t]he form of the complaint is not significant if it alleges facts upon which relief can be granted, even if it fails to categorize correctly the legal theory giving rise to the claim." *Peavy v. WFAA-TV, Inc.*, 221 F.3d 158, 167 (5th Cir. 2000) (quoting *Dussouy v. Gulf

---

[1] https://locator.ice.gov/odls/#/results (last visited Dec. 4, 2020). Petitioner has also updated his address with the Court to reflect his new detention facility and resulting address.

*Coast Inv. Corp.*, 660 F.2d 594, 604 (5th Cir. 1981)). However, the "sole function" of a habeas petition is to "grant relief from unlawful imprisonment or custody" and "the court has no power to entertain an application for…injunctive relief." *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976). "If a favorable determination…would not automatically entitle [the detainee] to accelerated release,…the proper vehicle is a [civil rights] suit." *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997) (internal citations omitted).

As discussed above Petitioner's requested relief, transfer to a different facility or access to Pennsylvania case law, are not available remedies within a habeas petition. *Pierre*, 525 F.2d at 935-36; *see also Carter v. Sawyer*, 54 F.App'x 406 (5th Cir. 2002) (affirming district court's dismissal of a 28 U.S.C. § 2241 petition because it "challenged the conditions of confinement at the unit where [petitioner] was no longer incarcerated.") Therefore, his claim regarding access to case law is not properly before this Court. If Petitioner still desires access to Pennsylvania case law, he may file an appropriate action with the facility where he is currently detained.

## II.    Removal Order

Petitioner asserts that he is not removable under 8 U.S.C. § 1101 as his conviction has not reached a sufficient degree of finality for removability. *See* [3] at 11; 8 U.S.C. § 1101(a)(48)(A) (definition of conviction within the Immigration and Nationality Act)[2]. Petitioner also references a Third Circuit case which holds that "a conviction does not attain a sufficient degree of finality

---

[2] "The term 'conviction' means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where—(i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed." 8 U.S.C. § 1101(a)(48)(A).

for immigration purposes until direct appellate review of the conviction has been exhausted or waived." *Orabi v. Attorney Gen. of the U.S.*, 738 F.3d 535, 543 (3d Cir. 2014).

In May 2005, Congress passed the REAL ID Act which "amends the jurisdictional provision of the Immigration and Nationality Act, altering the way in which noncitizens can seek judicial review of administrative orders of removal." *Rosales v. Bureau of Immigration and Customs Enforcement*, 426 F.3d 733, 735 (5th Cir. 2005). The Act "divested federal [district] courts of jurisdiction over § 2241 [habeas] petitions attacking removal orders." *Id.* at 736. The REAL ID Act "requires district courts to transfer any pending habeas cases to the appropriate court of appeals." *Id.*

As discussed above, the REAL ID Act stripped jurisdiction from federal district courts for review of habeas petitions that aim at attacking the underlying removal order. Instead, that jurisdiction lies in the appropriate court of appeals, and Petitioner already has an appeal pending with the Third Circuit. *See* Docket *Vurimindi v. Attorney General*, Order date 11/6/2020, 19-1848 and 19-2904 (3d. Cir 2019). Petitioner's claim is not properly filed before this Court. *Rosales*, 426 F.3d at 736.

### III.    Detention Over the Statutory Period

Petitioner also alleges that he has remained in ICE custody beyond the presumptively reasonable six-month post-removal order period outlined in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).  The controlling statute in this case, 8 U.S.C. § 1231(a)(1)(A), provides that the Attorney General has 90 days after an order of removal becomes final to deport an alien.  The Supreme Court has held that detention of aliens beyond this 90-day period is acceptable up to six months.  *Zadvydas*, 533 U.S. at 701.  "After this 6-month period, once the alien provides good reason to believe there is no significant likelihood of removal in the reasonably foreseeable

future, the Government must respond with evidence sufficient to rebut the showing." *Id*.  This

does not mean that every alien not removed after six months must be released. *Id*.  "To the

contrary, an alien may be held in confinement until it has been determined that there is no

significant likelihood of removal in the reasonably foreseeable future." *Id*.

"The alien bears the initial burden of proof in showing that no such likelihood of removal

exists." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).  This burden does not require

the alien to show that deportation will prove "impossible" or "show the absence of *any* prospect

of removal—no matter how unlikely or unforeseeable . . . ." *Zadvydas*, 533 U.S. at 702.  "In

order to shift the burden to the Government, an alien must demonstrate that the circumstances of

his status or the existence of the particular individual barriers to his repatriation to his country of

origin are such that there is no significant likelihood of removal in the foreseeable future."

*Galtogbah v. Sessions*, 2019 WL 3766280, at *2 (W.D. La. June 18, 2019).  However, "an

alien's claim must be supported by more than mere speculation and conjecture." *Id*. (internal

quotations and citation omitted).  Once the alien has met his initial burden, the burden shifts to

the Government to "respond with evidence sufficient to rebut the alien's showing." *Zadvydas*,

533 U.S. at 701.

Pursuant to *Zadvydas*, it is presumptively constitutional for an alien to be detained for six

months after the removal period begins. 533 U.S. at 701; *see also Agyei-Kodie v. Holder*, 418

Fed. App'x 317, 318 (5th Cir. 2011).

The removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the
removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement

8 U.S.C. §1231(a)(1)(B).

Per the Respondent's brief, the Petitioner has applied, and the Third Circuit has granted, three separate stays of deportation. *See* [13-1].  A stay of removal is still in place in Petitioner's ongoing case with the Third Circuit. *See* Docket *Vurimindi v. Attorney General*, Order date 11/6/2020, 19-1848 and 19-2904 (3d. Cir 2019). Pursuant to § 1231, the removal period has not yet begun due to the stay that remains in place.

Furthermore, Petitioner has not sufficiently demonstrated that his removal is not likely in the foreseeable future as required by *Zadvydas*, 533 U.S. at 701. The record indicates that ICE has obtained travel documents and Petitioner was scheduled to fly back to India on two previous occasions. *See* [13-1] at 2. It is clear from the Respondent's brief that ICE has done everything reasonably necessary to remove the Petitioner from the country, but his removal has been postponed by the Court-ordered stays. Respondent presented a declaration from Deportation Officer T. Dillard stating that, ICE regularly removes aliens to India and once the Third Circuit's stay is lifted, Petitioner's removal would be imminent. *See* [13-1] at 2. Therefore, the undersigned recommends that the Petition [1] be denied.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that the Petition [1] be DENIED and that this action be DISMISSED with prejudice.

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the

recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The district judge at the time may accept, reject, or modify in whole or in part, the recommendations of the magistrate judge or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 10th of December, 2020.

 s/ Michael T. Parker
UNITED STATES MAGISTRATE JUDGE