IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

VAMSIDHAR VURIMINDI                                          PETITIONER

V.                                  CIVIL ACTION NO. 5:19-CV-106-DCB-MTP

SHAWN R. GILLIS                                              RESPONDENT

ORDER ADOPTING REPORT AND RECCOMENDATION

This Matter is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation [ECF No. 19] and Petitioner Vamsidhar Vurimindi's ("Petitioner") Petition for Writ of Habeas Corpus [ECF No. 1]. On December 10, 2020, Petitioner filed his objections to the Report and Recommendation. [ECF No. 20]. Having reviewed the Report and Recommendation, the objections, applicable statutory and case law, and being otherwise fully informed of the premises, the Court finds that the relief sought in the Petition [ECF No. 1] is denied.

Background

Petitioner, a citizen of India, entered the United States in 2000 and was admitted as a lawful permanent resident on or about February 19, 2008. [ECF No. 13-1] at 1. On February 4, 2012, he was arrested by the Philadelphia, Pennsylvania Police Department for stalking and disorderly conduct. Id. at 3. On April 25, 2014 he was convicted and subsequently sentenced to 2.5 to 5 years of confinement. Id. On July 7, 2017 an immigration judge ordered the

1

Petitioner to be removed from the country. Id. at 4. Petitioner was taken into U.S. Immigration and Customs Enforcement ("ICE") custody on December 18, 2018. Id. at 5.

Petitioner appealed his conviction to the Third Circuit Court of Appeals. See Docket Vurimindi v. Attorney General, Order date 11/6/2020, 19-1848 and 19-2904 (3d. Cir 2019). The Third Circuit issued temporary stays of removal for Petitioner on April 15, 2019, June 21, 2019, September 26, 2019, and December 19, 2019. See [ECF No. 13-1]. The December 19, 2019 stay is still in effect. See Docket Vurimindi v. Attorney General, Order date 11/6/2020, 19-1848 and 19-2904 (3d. Cir 2019).

On October 18, 2019, Petitioner filed a Petition for Writ of Habeas Corpus [ECF No. 1] seeking access to Pennsylvania case law in order to appeal his original conviction of stalking and disorderly conduct in Pennsylvania. [ECF No. 3] at 5. Petitioner asserts that he was convicted based on an over-broad interpretation of the criminal statutes, that the convictions are the reason he is being detained pending removal, and that he is not "not removable" based upon those facts. Id. at 12.

Petitioner seeks his immediate transfer to the Pike County Correctional Facility in Lords Valley, Pennsylvania or to be provided with Pennsylvania case law. Id. Petitioner also seeks to be released from ICE custody and "a declaratory judgment stating

2

that Petitioner is a lawful permanent resident of the United States." Id. at 13.

On February 4, 2020, Respondent Shawn Gillis filed his response alleging that Petitioner's continued detention is reasonable because while there he had access to a computer and a law library at Adams County Detention Center ("ACDC"). [ECF No. 13] at 1. Respondent argues that Petitioner's removal is imminent once the temporary stay of removal is lifted by the Third Circuit Court of Appeals. Id. at 6.

Petitioner is no longer detained at ACDC.[1] On June 26, 2020, Judge Parker ordered Petitioner to show cause why this matter is not moot inasmuch as Petitioner was transferred from ACDC. Petitioner responded, asserting that, because he filed a petition for writ of habeas corpus, the court retains jurisdiction even if the petitioner is transferred to another facility while the petition remains pending. [ECF No. 18] at 1.

Judge Parker found that: (1) Petitioner's requested remedies are not available within a habeas petition; (2) jurisdiction over Petitioner's removal order lies with the Third Circuit, because he has an appeal pending there; and (3) Petitioner's removal is stayed

---

[1] Petitioner currently resides in a shelter in Austin, TX. He claims that he has been enrolled in ICE's Intensive Supervision of Appearance Program ("ISAP"), a program that uses electronic monitoring devices to monitor individuals released from detention.

by Order of the Third Circuit Court of Appeals; therefore his removal period has not commenced. [ECF No. 19]; See also Docket Vurimindi v. Attorney General, Order date 11/6/2020, 19- 1848 and 19-2904 (3d. Cir 2019). For these reasons, Judge Parker recommends that Petitioner's Petition [ECF No. 1] be denied and dismissed with prejudice.

## Standard

When a party objects to a Report and Recommendation, this Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Longmire v. Guste, 921 F.2d 620, 623 (5th Cir. 1991). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Allen v. Outlaw, No. 5:14-cv-60-DCB-MTP, 2015 WL 4759268, at * 2 (S.D. Miss. Aug. 12, 2015). Moreover, "no factual objection is raised when a petitioner merely reurges arguments contained in the original petition." Hinton v. Pike County, No. 18-60817, 2018 WL 3142942, at *1 (S.D. Miss. June 27, 2018). A de novo review means that this Court will "examine the entire record and will make an independent assessment of the law." Lambert v. Denmark, No. 2:12-cv-74-KS-MTP, 2013 WL 786356, at *1 (S.D. Miss. Mar. 1, 2013). In conducting such a review, the Court is not "required to reiterate the findings

4

and conclusions of the magistrate judge." Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir. 1993).

## Analysis

Petitioner posits thirteen (13) objections. Many of these do not specifically identify or challenge the legal conclusions of Magistrate Judge Parker's Report and Recommendation. Rather, Petitioner reasserts his claims and the factual allegations supporting those claims. The Court will only address Petitioner's objections that specifically identify the legal conclusions of the Report and Recommendation by Judge Parker.

Petitioner asserts that his access to the courts is cognizable under 42 U.S.C. § 1983 and therefore the Court should sever the claim as a separate civil action, instead of dismissal with prejudice. Petitioner does not cite supporting case law for this proposition. Petitioner's habeas petition is not properly before the Court; thus, the claims cannot be severed as Petitioner suggests. Judge Parker correctly found that "if Petitioner still desires access to Pennsylvania case law, he may file an appropriate action in the facility where he is currently detained." [ECF No. 19] at 4.

Petitioner explains that in his habeas petition he did not challenge his removal order nor did he argue that his detention was beyond the period allowed by statute. He argues that Judge

5

Parker wrongly raised these issues. However, Petitioner did in fact include these issues in his habeas petition; therefore, Judge Parker appropriately addressed Petitioner's removal and detention in the Report and Recommendation. See [ECF No. 3] at 11.

Petitioner asserts that Judge Parker assumes that: (1) there is nothing in the record to suggest that the government has improperly or unreasonably delayed the regular course of removal proceedings and (2) that the government detained Petitioner for the purpose of his removal proceedings. Judge Parker correctly found that this Court does not have jurisdiction over Petitioner's claims of removal because Petitioner already has an appeal pending with the Third Circuit. See Docket Vurimindi v. Attorney General, Order date 11/6/2020, 19-1848 and 19-2904 (3d. Cir 2019). Without jurisdiction, the Court cannot proceed.

## Conclusion

After a de novo review of the Magistrate Judge's Report and Recommendation and a review of the Petitioner's Objections, the Court is unable to find any error with the Magistrate Judge's findings. The Court is satisfied that the Magistrate Judge has undertaken an extensive examination of the issues in this case and has issued a thorough opinion.

Accordingly,

6

IT IS HEREBY ORDERED that Magistrate Judge Parker's Report and Recommendation [ECF No. 19] is ADOPTED as the findings of this Court. Petitioner's Habeas Petition [ECF No. 1] is hereby DENIED and this action is DISMISSED with prejudice.

IT IS FURTHER ORDERED that the Petitioner's objections [ECF No. 20] are OVERRULED.

SO ORDERED, this the 23rd day of March, 2021.

/s/ David Bramlette
United States District Court Judge